## Assignment

Recitals: On May 24, 2007 Aquila's Canadair Ltd CL-600-2B16 Challenger 601-3R Aircraft (the "Aircraft") landed at an airport owned and operated by the City of Bangor, Maine ("Bangor"), and requested that Bangor perform fuel and lavatory service on the Aircraft. During the service Bangor overpumped lavatory fluid into the Aircraft, causing serious damage and causing the loss of a contract for Aquila to sell the Aircraft. At the time of the overpumping, henceforth referred to as the Incident, the Aircraft was insured by Insurer, pursuant to a policy of insurance, Policy Number SIHL 1-599H (the "Policy"). Aquila/Fine Light ("Aquila") therefore submitted to Insurer Aquila's claim for benefits under the Policy, a claim (the "Claim") stemming from certain costs of repair and related costs occasioned by the Incident. In due course, Insurer paid Aquila $127,608.45 pursuant to the Claim, a sum that Aquila believes represents only a fraction of the $1,475,671.74 in actual losses that Aquila incurred as a consequence of the Incident.

Hence, Aquila has brought suit (the "Suit") against Bangor in the Federal District Court for the District of Maine (Docket No. 08-CV-64), alleging that Bangor's overpumping and related errors and omissions constituted a breach of Bangor's contractual undertaking to perform the servicing carefully and in accordance with correct aviation procedure. Insurer is, pursuant to the terms of the Policy, subrogated to Aquila's right to recover from Bangor, to the extent of the

$127,608.45 in Policy benefits Insurer paid to or on behalf of Aquila as a consequence of the Incident. In the course of prosecuting the Suit, Aquila and Insurer have determined that it is desirable that, under the terms and conditions here set forth, insurer assign to Aquila certain of Insurer's rights under the Policy. Therefore, Insurer and Aquila agree as follows.

1. For consideration paid, Insurer assigns to Aquila all of Insurer's right to seek recovery for Policy benefits paid stemming from the Incident.

2. Insurer expressly acknowledges that Aquila may sue in Aquila's name, and that Aquila shall have full power to retain attorneys and direct the Suit and any appeals.

3. From the proceeds of any judgment, execution or settlement or other damages received by Aquila on account of the Suit (henceforth "Settlement"), Aquila shall forthwith, but not sooner than any judgment shall be deemed final and with due commercial regard for Aquila's right to determine the bona fides of settlement funds received, pay to Insurer an amount reflecting the direct damages recovered by Aquila for repairs done on the Aircraft by Duncan Aviation, less reasonable attorney fees incurred in pursuing the claim on behalf of the Insurer in accordance with the fee arrangement stated in a letter from U.S. Aviation Underwriters dated December 8, 2008 and accepted by e-mail communication from Brendan Collins, counsel for Aquila, on February 26, 2009.

_____
Aquila/Fine Light Inc.
Title: CFO

_____
United States Aviation Underwriters
Title: ASST. VICE PRESIDENT /
CLAIMS MANAGER
PHX. CLAIMS DEPT.
4/16/2009